**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSE MONGE<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>VICTOR NERY-CANAHUI<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>OLVIN ALEXANDER NATAREN<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>CHRISTIAN RAMIREZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>          Plaintiffs,<br><br>v.<br><br>HITHER CREEK, LLC<br>d/b/a MILLIE'S RESTAURANT<br>d/b/a MILLIE'S NANTUCKET<br>326 Madaket Road<br>Nantucket, MA 02554<br><br>ROBERT BLAIR<br>4911 Loughboro Road NW<br>Washington, DC 20016<br><br>DAVID M. SCRIBNER<br>146 Frazier Road<br>Warrenton, VA 20186<br><br>          Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. _____<br><br>**COMPLAINT** |

## COMPLAINT

1. Defendants Robert Blair and David Scribner own a number of restaurants: several in D.C., and one in Nantucket, Massachusetts. Every summer, Defendants reassigned some of their D.C. restaurant employees, including Plaintiffs, to work eighty-plus hours a week at their Nantucket restaurant. Defendants did not pay Plaintiffs overtime wages for the weeks they worked grueling schedules at Defendants' Nantucket outpost. Instead, Defendants paid Plaintiffs the same hourly rate across all hours worked, including overtime hours.

2. Plaintiffs bring this action against Hither Creek, LLC; Robert Blair; and David M. Scribner ("Defendants") to recover damages for Defendants' willful failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Massachusetts Payment of Wages Act ("MPWA"), M.G.L. c. 149 §§ 148, 150 *et seq.*

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a majority of Defendants reside in this district and substantial part of the events or omissions giving rise to Plaintiff's claims occurred.in this district.

### Parties

5. Plaintiff Jose Monge is an adult resident of the District of Columbia.

6. Plaintiff Victor Nery-Canahui is an adult resident of Virginia.

7. Plaintiff Olvin Alexander Nataren is an adult resident of the District of Columbia.

8. Plaintiff Christian Ramirez is an adult resident of Maryland.

9. Defendant Hither Creek, LLC is a Massachusetts limited liability company. It does business as Millie's Restaurant and as Millie's Nantucket. Its principal place of business is located at 326 Madaket Road, Nantucket, MA 02554. Its registered agent for service of process is Richard P. Beaudette, Esq., 2 Whaler's Lane, Nantucket, MA 02554.

10. Defendant Robert Blair is an adult resident of the District of Columbia. He resides at 4911 Loughboro Road NW, Washington, DC 20016. He is an owner and member of Defendant Hither Creek, LLC. He exercises control over the operations of Hither Creek, LLC — including its pay practices.

11. Defendant David M. Scribner is an adult resident of Virginia. He resides at 146 Frazier Road, Warrenton, VA 20186. He is an owner and member of Defendant Hither Creek, LLC. He exercises control over the operations of Hither Creek, LLC — including its pay practices.

### Factual Allegations Specific to Plaintiff Monge

12. Plaintiff Monge worked at Millie's Restaurant from approximately 2013 through approximately September 7, 2020.

13. Plaintiff Monge worked at Millie's Restaurant from approximately mid-May through mid-September each year. When he was not working at Defendants' Nantucket restaurant, he worked at Defendant Blair and Defendant Scribner's D.C. restaurants.

14. Plaintiff Monge worked at Millie's Restaurant as a kitchen laborer.

15. Plaintiff Monge's job duties at Millie's Restaurant primarily consisted of cutting vegetables and preparing and cooking food.

16. Plaintiff Monge typically and customarily worked six days per week at Millie's Restaurant.

17. Plaintiff Monge worked up to ninety-three hours per week at Millie's Restaurant.

18. Defendants paid Plaintiff Monge $21.00 per hour for his work performed at Millie's Restaurant.

19. Prior to 2019, Defendants paid Plaintiff Monge by check — without an accompanying paystub.

20. In 2019 and 2020, Defendants paid Plaintiff Monge by direct deposit.

21. Plaintiff Monge typically and customarily worked more than forty hours per workweek at Millie's Restaurant.

22. Defendants paid Plaintiff Monge the same regular hourly rate across all hours worked at Millie's Restaurant.

23. Defendants did not pay Plaintiff Monge overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek for work performed at Millie's Restaurant.

24. For example, Defendants paid Plaintiff Monge his regular hourly rate of $21.00 per hour for 186.64 hours of work during the biweekly pay period of August 3, 2019 through August 16, 2019, as seen in the following paystub:

| PERSONAL AND CHECK INFORMATION | | | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|---|---|
| Jose Monge | | | | Hourly | 186.64 | 21.0000 | 3919.44 | 1044.69 | 21859.85 |
| 3055 16th St NW | | | | Total Hours | 186.64 | | | 1044.69 | |
| Washington, DC 20009 | | | | Gross Earnings | | | 3919.44 | | 21859.85 |
| Soc Sec #: xxx-xx-xxxx   Employee ID: 24 | | | | Total Hrs Worked | 186.64 | | | | |
| Home Department: 2 Back of House | | | WITHHOLDINGS | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |
| Pay Period: 08/03/19 to 08/16/19 | | | | Social Security | | | 243.00 | | 1355.31 |
| Check Date: 08/21/19   Check #: 294 | | | | Medicare | | | 56.83 | | 316.97 |
| NET PAY ALLOCATIONS | | | | Fed Income Tax | M 6 | | 284.64 | | 1330.59 |
| DESCRIPTION | THIS PERIOD ($) | YTD ($) | | MA Income Tax | M 6 0 | | 164.53 | | 891.67 |
| Check Amount | 0.00 | 0.00 | | TOTAL | | | 749.00 | | 3894.54 |
| Chkg 1145 | 3170.44 | 17965.31 | | | | | | | |
| NET PAY | 3170.44 | 17965.31 | | | | | | | |

25. For Plaintiff Monge's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $26,000.00 in overtime wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Nery-Canahui**

26. Plaintiff Nery-Canahui worked at Millie's Restaurant and from approximately 2012 through approximately September 14, 2020.

4

27. Plaintiff Nery-Canahui worked at Millie's Restaurant from approximately mid-May through mid-September each year. When he was not working at Defendants' Nantucket restaurant, he worked at Defendant Blair and Defendant Scribner's D.C. restaurants.

28. Plaintiff Nery-Canahui worked at Millie's Restaurant as a kitchen laborer and dishwasher.

29. Plaintiff Nery-Canahui's job duties at Millie's Restaurant primarily consisted of working at the restaurant's food truck, preparing, cooking, and serving food to customers, cleaning the food truck, and washing dishes at the restaurant in the evenings.

30. Plaintiff Nery-Canahui typically and customarily worked six days per week at Millie's Restaurant.

31. Plaintiff Nery-Canahui worked up to ninety-nine hours per week at Millie's Restaurant.

32. At all relevant times, Defendants paid Plaintiff Nery-Canahui by the hour.

33. Defendants paid Plaintiff Nery-Canahui approximately the following hourly rates at Millie's Restaurant:

| **Approximate Dates** | **Hourly Rate** |
| --- | --- |
| Dec. 01, 2017–May 31, 2018 | $17.50 |
| Jun. 1, 2018–Sep. 14, 2020 | $18.00 |

34. At all relevant times, Defendants paid Plaintiff Nery-Canahui by direct deposit.

35. Plaintiff Nery-Canahui typically and customarily worked more than forty hours per workweek at Millie's Restaurant.

36. Defendants paid Plaintiff Nery-Canahui the same regular hourly rate across all hours worked at Millie's Restaurant.

37. Defendants did not pay Plaintiff Nery-Canahui overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek for work performed at Millie's Restaurant.

38.     For example, Defendants paid Plaintiff Nery-Canahui his regular hourly rate of $18.00 per hour for 198.73 hours of work during the biweekly pay period of July 21, 2018 through August 3, 2018, as seen in the following paystub:

| PERSONAL AND CHECK INFORMATION | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| Victor Nery-Canahui<br>3602 Edison St<br>Apt 303<br>Alexandria, VA  22305<br>Soc Sec #: xxx-xx-xxxx    Employee ID: 20 | | Hourly<br>Total Hours<br>Gross Earnings<br>Total Hrs Worked | 198.73<br>198.73<br><br>198.73 | 18.0000 | 3577.14<br><br>3577.14 | 930.11<br>930.11 | 16647.58<br><br>16647.58 |
| | WITHHOLDINGS | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |
| Pay Period: 07/21/18 to 08/03/18<br>Check Date: 08/08/18   Check #: 7349 | | Social Security<br>Medicare<br>Fed Income Tax<br>MA Income Tax | <br><br>S 5<br>S 5 0 | | 221.78<br>51.87<br>423.91<br>152.00 | | 1032.15<br>241.39<br>1645.32<br>685.22 |
| NET PAY ALLOCATIONS | | | | | | | |
| DESCRIPTION   THIS PERIOD ($)   YTD ($)<br>Check Amount     0.00              0.00<br>Chkg 0314        2727.58        13043.50<br>NET PAY          2727.58        13043.50 | | TOTAL | | | 849.56 | | 3604.08 |

39.     For Plaintiff Nery-Canahui's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $26,000.00 in overtime wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Nataren**

40.     Plaintiff Nataren worked at Millie's Restaurant from approximately May 11, 2020 through approximately September 7, 2020.

41.     Prior to working at Millie's Restaurant in Nantucket, Plaintiff Nataren worked at one of Defendant Blair and Defendant Scribner's D.C. restaurants.

42.     Plaintiff Nataren worked at Millie's Restaurant as a kitchen laborer.

43.     Plaintiff Nataren's job duties at Millie's Restaurant primarily consisted of washing dishes and preparing food.

44.     Plaintiff Nataren typically and customarily worked six days per week at Millie's Restaurant.

45.     Plaintiff Nataren worked up to one hundred and fourteen hours per week at Millie's Restaurant.

46.     Defendants paid Plaintiff Nataren $18.00 per hour for his work performed at Millie's Restaurant.

47.     Defendants paid Plaintiff Nataren by direct deposit.

48.     Plaintiff Nataren typically and customarily worked more than forty hours per workweek at Millie's Restaurant.

49.     Defendants paid Plaintiff Nataren the same regular hourly rate across all hours worked at Millie's Restaurant.

50.     For example, Defendants paid Plaintiff Nataren his regular hourly rate of $18.00 per hour for 228.06 hours of work during the biweekly pay period of July 4, 2020 through July 17, 2020, as seen in the following paystub:

| PERSONAL AND CHECK INFORMATION | | | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|---|---|
| Olvin Nataren<br>1610 Park Road<br>Apt 107<br>Washington, DC 20010<br>Soc Sec #: xxx-xx-xxxx   Employee ID: 512 | | | | Regular<br>Hourly<br>Total Hours<br>Gross Earnings<br>Total Hrs Worked | 228.06<br>228.06<br><br>228.06 | 18.0000 | 4105.08<br><br>4105.08 | 51.00<br>228.06<br>279.06 | 867.00<br>4105.08<br><br>4972.08 |
| Home Department: 2 Back of House | | | WITHHOLDINGS | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |
| Pay Period: 07/04/20 to 07/17/20<br>Check Date: 07/22/20   Check #: 687 | | | | Social Security<br>Medicare<br>Fed Income Tax   S 6<br>MA Income Tax   S 6 0<br>MA Disability PFL<br>MA Disability PML | | | 254.52<br>59.53<br>490.73<br>171.47<br>5.33<br>10.18 | | 308.27<br>72.10<br>490.73<br>193.43<br>6.46<br>12.33 |
| NET PAY ALLOCATIONS | | | | | | | | | |
| DESCRIPTION<br>Check Amount<br>Chkg 3165<br>NET PAY | THIS PERIOD ($)<br>0.00<br>3113.32<br>3113.32 | YTD ($)<br>0.00<br>3888.76<br>3888.76 | | TOTAL | | | 991.76 | | 1083.32 |

51.     Defendants did not pay Plaintiff Nataren overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek for work performed at Millie's Restaurant.

52.     Defendants owe Plaintiff Nataren approximately $9,000.00 in overtime wages (excluding liquidated damages).

### Factual Allegations Specific to Plaintiff Ramirez

53.     Plaintiff Ramirez worked at Millie's Restaurant from approximately May 14, 2018 through approximately September 13, 2020.

7

54. Plaintiff Ramirez worked at Millie's Restaurant from approximately mid-May through mid-September each year. When he was not working at Defendants' Nantucket restaurant, he worked at Defendant Blair and Defendant Scribner's D.C. restaurants.

55. Plaintiff Ramirez worked at Millie's Restaurant as a kitchen laborer.

56. Plaintiff Ramirez's job duties at Millie's Restaurant primarily consisted of preparing and cooking food, and cleaning at the end of his shift.

57. Plaintiff Ramirez typically and customarily worked six days per week at Millie's Restaurant.

58. Plaintiff Ramirez typically and customarily worked eighty-one hours per week at Millie's Restaurant.

59. Defendants paid Plaintiff Ramirez approximately $17.00 per hour for his work performed at Millie's Restaurant in 2018.

60. Defendants paid Plaintiff Ramirez approximately $18.00 per hour for his work performed at Millie's Restaurant in 2019 and 2020.

61. Defendants typically and customarily paid Plaintiff Ramirez by direct deposit.

62. Plaintiff Ramirez typically and customarily worked more than forty hours per workweek at Millie's Restaurant.

63. Defendants paid Plaintiff Ramirez the same regular hourly rate across all hours worked at Millie's Restaurant.

64. Defendants did not pay Plaintiff Ramirez overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek for work performed at Millie's Restaurant.

65. For Plaintiff Ramirez's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $23,000.00 in overtime wages (excluding liquidated damages).

**Factual Allegations Common to All Plaintiffs**

66. Defendant Robert Blair set the restaurant's hours of operation.

67. Defendants Robert Blair and David M. Scribner set Plaintiffs' pay rates.

68. Defendant David M. Scribner set Plaintiffs' manner of pay.

69. Defendant David M. Scribner participated in setting Plaintiffs' work schedules.

70. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

71. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

72. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

73. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

74. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

75. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

76. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

77. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

78. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

79. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

80. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

81. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

82. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiff at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

83. Defendants' violations of the FLSA were willful.

84. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### NON-PAYMENT OF EARNED WAGES UNDER THE MASSACHUSETTS PAYMENT OF WAGES ACT

85. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

86. Each Defendant is subject to the MPWA. M.G.L. c. 149, § 148. *See Cook v. Patient Edu, LLC*, 465 Mass. 548, 556 (2013).

87. Defendants failed to pay Plaintiffs the full amount of their earned wages when the same became due and payable.

88. By failing to pay Plaintiffs the full amount of their earned wages, including overtime wages, when the wages originally became due and payable, Defendants violated the MPWA, M.G.L. c. 149, §§ 148, 150.

89. Defendants' failure to comply with the MPWA entitles Plaintiffs to recover treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150.

90. Prior to filing this Complaint, Plaintiffs have notified the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$261,822.00**, and grant the following relief:

    a. Award Plaintiffs $252,000.00, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid overtime wages times three as liquidated damages, pursuant to the MPWA. M.G.L. c. 149, §§ 148, 150;

    b. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

    c. Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $9,420.00);

    d. Award Plaintiffs court costs (currently, $402.00); and

    e. Award any additional relief the Court deems just.

Date: February 7, 2021                                 Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*